MARGARET LYNCH v. ALBERT FREE and Another.[1]

April 27, 1896.

Nos. 10018—(181).

Action on Note—Counterclaim — Jurisdiction of Municipal Court—
Cross-Examination.

In an action by the indorsee after maturity of a promissory note, an indebtedness of the payee to the maker, existing at the date of the transfer of the note, is not a counterclaim, but a defense; and the fact that the indebtedness thus set up as a defense exceeds $500 does not oust the municipal court of Duluth of jurisdiction to try the action. Held, that the court erred in striking out portions of defendant's answer, and also in refusing to allow defendant to cross-examine one of plaintiff's witnesses upon a material point.

Appeal by defendant Sheriden from an order of the municipal court of Duluth, Edson, J., denying a motion for a new trial, and from an order striking out parts of the answer. Reversed.

M. H. Crocker, for appellant.

Edson & Hanks, for respondent.

MITCHELL, J. This action was brought upon a negotiable promissory note for $300, executed by the defendants to Edward Lynch, and alleged to have been by the payee indorsed and transferred to the plaintiff before maturity, for a valuable consideration. The answer sets up two defenses: First, that the note was mere accommodation paper, and that it was transferred to plaintiff, if at all, long after maturity, and without consideration; second, that the note was transferred to the plaintiff, if at all, long after maturity, and that at the date of such alleged transfer the payee was indebted to the defendant in the sum of $500 and interest, for money paid by him at the instance and for the benefit of such payee, which has never been repaid. The answer concludes as follows: "That this defendant will set off his said claim of $500 and interest against said pretended claim of said Edward Lynch, and that this defendant demands a judgment against the

[1] Reported in 66 N. W. 973.

said Edward Lynch herein for the difference in his favor between said pretended claim and said claim of $500 and interest. Wherefore this defendant demands judgment that he have his costs and disbursements herein."

1. The first assignment of error is that the court erred in striking out paragraphs 5 to 11 (except the sixth) of the answer. These paragraphs included all of defendant's second, and part of his first, defense. On what ground the court struck out these portions of the answer, we are unable to understand. The answer is far from being a model pleading, and some of its allegations may be immaterial or redundant; but it contained two legal defenses, which the defendant had a right to set up, and it was error to strike them, or either of them, out. As, on the trial, the court seems to have permitted the defendant to introduce evidence to maintain both defenses, it may, so far as that trial is concerned, have been error without prejudice; but, as a new trial must be granted for other errors, we call attention to it at this time.

2. There is nothing in the point that the municipal court had no jurisdiction to try the action because "judgment is claimed in the answer for more than $500." Defendant's demand against plaintiff's assignor was not a counterclaim. G. S. 1894, § 5237. It was a mere defense, which, if true, showed that plaintiff never had any cause of action against the defendant. Notwithstanding defendant's remarkable prayer for relief, he could not have obtained any affirmative judgment against plaintiff, and, of course, none against her assignor, who was not a party to the action. Whether a defendant can oust the court of jurisdiction even by setting up a counterclaim for more than $500 is a question on which we express no opinion.

3. A very important, perhaps the most important, question in the case, was the alleged transfer of the note to plaintiff; particularly its date, and the consideration for it. This was material upon both defenses.

The relations of plaintiff and the payee of the note to each other, as husband and wife, together with various circumstances tending to cast grave doubt upon the accuracy of their version of the transaction, made a case that entitled defendant to great latitude in cross-examining them. The husband, as a witness for his wife,

had testified that he transferred the note to the plaintiff, shortly after its execution, in payment of a debt which he owed her; that he gave the note to her; and that she shortly afterwards returned it to him, to keep for her. He admitted that he subsequently (without her knowledge, as he claims) hypothecated it at bank, as collateral to his own note; that, after he took it up, he returned it to the possession of his wife. It also appeared that the plaintiff had taken no steps to enforce its collection for more than four years after its maturity, and no satisfactory excuse was given for this delay. Defendant's counsel then attempted to cross-examine the witness in regard to this transaction between him and his wife. Having asked him when he first gave it to her, he then asked him the following question: "How many days or how many months did she have the note in her possession?" to which plaintiff's counsel objected as incompetent, irrelevant, and immaterial. The court sustained the objection, and the plaintiff excepted. Defendant's counsel then said to the court, "I desire to examine the witness as to the incidents of the alleged transfer." The court refused the request, and counsel again excepted. This amounted to an explicit ruling by the court that it would not permit the witness to be cross-examined in reference to the alleged transfer of the note, and counsel did all he was required to do, in order to save the point, by taking an exception. After so distinct a ruling by the court, it would have been almost disrespectful to it for counsel to have propounded any further question to the witness.

The other errors, if any, are not of a kind likely to be repeated on another trial, and therefore need not be considered.

Order reversed, and new trial ordered.